IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. REINKE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RYAN G. REINKE, APPELLANT.

Filed January 28, 2025.    No. A-24-617.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Mark E. Rappl, of Naylor & Rappl Law Office, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

### INTRODUCTION

Shortly after being admitted to DUI Court in Lancaster County, Ryan G. Reinke was terminated from the program and sentenced for his underlying convictions. He appeals his termination and sentencing. Finding no abuse of discretion, we affirm.

### BACKGROUND

On October 28, 2023, law enforcement initiated a traffic stop of Reinke's vehicle. The officer conducting the traffic stop smelled alcohol on Reinke's breath and Reinke displayed signs of impairment on a standardized field sobriety test. After a failed preliminary breath test, Reinke was transported for a formal test, and this test showed Reinke to be at .176 grams of alcohol per 210 liters of breath. Reinke's children, at least one of which was under the age of 16, was in Reinke's car at the time of the traffic stop.

- 1 -

Reinke was charged with DUI-.15+ (3 prior convictions), and DUI with passenger under age 16. He was released on bond through the "24/7 bond program." At that time, Reinke was notified that he was not allowed to drive without an interlock device, but in February 2024, staff saw him driving without an interlock. Reinke was instructed to stop driving until he obtained the device.

On March 28, 2024, Reinke pled no contest to the charges, and he was accepted into the DUI Court program. Given Reinke's tardiness to the hearing, the court expressed concern regarding Reinke's ability and/or willingness to follow the program's requirements. Reinke confirmed, however, that he had read, understood, and believed he was able and willing to comply with the requirements of the DUI Court program manual. Some of these requirements included honesty, refraining from possessing or consuming prescribed narcotic medication without the written permission of the DUI Court coordinator, and the utilization of an interlock device.

Reinke informed the court that he was prescribed a medication that he took for back pain. The court advised him that he may be unable to continue with that medication, but in any event, instructed him that he was unable to take it until the Drug Court team cleared him to do so. He indicated his understanding.

On March 31, 2024, Reinke was seen driving a vehicle, and when confronted initially denied the allegation. He eventually admitted that he had been driving and that the vehicle did not have an interlock device. As a result of this violation, Reinke was taken into custody.

On April 2, 2024, Reinke signed a DUI Court bond. As part of that bond, Reinke agreed, among other things, that he would truthfully answer questions from staff, report to the DUI Court team and follow directions given, and not use or consume controlled substances even when prescribed, unless he obtained written permission from DUI Court staff. He also agreed to follow all the DUI Court rules, policies, and procedures.

Reinke was released from custody on April 5, 2024, after signing a Responsibility Contract. In the contract, Reinke agreed to the use of, and to refrain from tampering with, a continuous alcohol monitor (CAM) and a "GPS" monitor. Reinke also agreed to comply with all DUI Court rules and bond conditions. The contract specifically noted that any violation of its terms could result in DUI Court supervision preparing an alleged DUI Court violation.

On April 8, 2024, DUI Court staff were informed that Reinke's CAM had been obstructed for 1 day, 5 hours, and 28 minutes. The obstruction started on April 6 and ended on April 7. The obstruction was considered a confirmed tamper by the manufacturer. Reinke did not have an explanation for why the device showed an obstruction and denied tampering with it. A technician reported the device was functioning properly. Reinke also failed to charge his GPS monitor, and it stopped functioning until it was charged again.

During the weekly DUI Court session after these incidents, the district court informed Reinke that a violation was being considered and told him how important his full compliance was during that time. The next morning, Reinke's drug test was positive for the prescribed medication previously discussed with the district court, but which had not yet been approved by DUI Court staff. Reinke informed staff that his "UA still showed [the medication]." When staff asked how long it had been since he had used the medication, Reinke admitted he had taken it the previous night. Reinke had been informed multiple times that he was not to take the medication until it was approved by DUI Court staff.

A DUI Court violation was filed alleging that Reinke had violated the terms of his bond that required him to report to the DUI Court team as directed and follow the directions given; refrain from using any substances that were likely to interfere with substance use testing; and abide by the rules, policies, and procedures of the DUI Court. At a hearing on the alleged violation, the DUI Court coordinator testified that there were various sanctions that could be imposed when participants violated program rules. The DUI Court utilized a sanctioning matrix, which recommended certain sanctions based on the type of violation, along with how far along a participant was in the program. However, these were guidelines, and program staff could deviate from them when applicable, appropriate, and as approved by the DUI Court. In Reinke's case, termination was a deviation from the recommended sanctions, but the deviation was authorized by the DUI Court and recommended by the Drug Court team.

The district court terminated Reinke from the DUI Court program. In terminating Reinke from the program, the district court focused on the interlock, CAM, GPS, and medication violations. It highlighted that alcohol monitoring devices were an integral part of the program, and that the DUI Court's ability to rely on drug and alcohol testing was critical. The district court determined that Reinke had violated critical conditions of the DUI Court bond and the Responsibility Contract; thus, it believed termination was appropriate.

For his conviction of DUI-.15+ (3 prior convictions), Reinke received a sentence of 4 to 8 years' imprisonment. His operator's license was revoked for 15 years, with the option to apply for an interlock permit after 60 days. For his conviction of DUI with a passenger under age 16, Reinke received a sentence of 9 to 12 months' imprisonment. The sentences were ordered to run concurrently to each other. Reinke appeals.

## ASSIGNMENTS OF ERROR

Reinke assigns that the district court abused its discretion by terminating him from DUI Court, and that the sentences imposed were excessive and constituted an abuse of discretion.

## STANDARD OF REVIEW

A defendant's removal from a problem-solving court program is reviewed for an abuse of discretion. See *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

A sentence imposed within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *Id*.

An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id*.

## ANALYSIS

*Termination From DUI Court.*

Reinke assigns that the district court abused its discretion in terminating him from DUI Court. Reinke does not contest that he violated the program rules but argues that it was an abuse of discretion to terminate him from the program and that at most, a sanction of house arrest was warranted. We find that upon this record, the district court did not abuse its discretion in finding that termination from DUI Court was appropriate.

When Reinke was admitted to DUI Court, he agreed to follow the requirements of the program, including being honest, not using prescribed narcotics without written approval, and utilizing an interlock device. But days after being admitted to DUI Court, Reinke drove a vehicle without an interlock, and when confronted lied to program staff. Reinke signed a Responsibility Contract and agreed to the use of a CAM and a GPS monitor. Reinke was released with the monitors on April 5, 2024, and the CAM showed an obstruction from April 6 to April 7. Although Reinke denied tampering with the device, a technician reported the CAM was functioning properly. Reinke also failed to keep his GPS monitor charged. The same day the district court informed Reinke that a violation was being considered and his compliance was important, Reinke took a medication that had not been approved by staff. The following day, this medication was reflected in Reinke's drug test.

Termination is a harsh sanction, and we are mindful that Reinke was only in the DUI Court program for a short amount of time. If the sanctions matrix were followed in this case, the most severe sanction that could be imposed upon Reinke for even the most serious violation would be 24 hours' house arrest. However, deviations from the sanctions matrix are permitted by the DUI Court, provided, as here, they are approved by the DUI Court and staff. Here, the district court expressed its initial concern regarding Reinke's ability and/or willingness to follow the program's requirements when he appeared late for his initial hearing during which he was accepted into the program. Almost immediately, Reinke committed several violations of the DUI Court rules in close succession. Consequently, we do not find an abuse of discretion in the DUI Court's decision to deviate from the sanctions matrix.

Before even being admitted into DUI Court, Reinke violated the condition of his bond that required him to only drive a vehicle equipped with an interlock device. During his time in DUI Court, Reinke violated multiple rules even after being repeatedly warned not to. One of these violations was for driving without an interlock, something he had already been warned about prior to his acceptance into DUI Court. Other violations involved the ways in which the DUI Court monitors the drug and alcohol consumption of participants, something the district court considered "critical" to the DUI Court program. Although Reinke's reply brief argues that the circumstances surrounding the violations do not support termination, the result of Reinke's actions was to frustrate the ability of the DUI Court to rely on the drug and alcohol testing in this case.

The district court found that because Reinke had violated critical parts of the DUI Court bond and the Responsibility Contract, termination was the appropriate sanction. Mindful of our abuse of discretion standard and that a judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition, we cannot say the district court abused its discretion in removing Reinke from the DUI Court program.

*Sentences Imposed.*

Reinke assigns that the sentences imposed were excessive and constituted an abuse of discretion. Reinke was convicted of a Class IIA felony and a Class I misdemeanor. A Class IIA felony is punishable by a maximum sentence of 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). Because of the nature of Reinke's conviction, it required a minimum sentence of 1 year's imprisonment and a 15-year operator's license revocation. Neb. Rev. Stat.

§ 60-6,197.03(8) (Reissue 2021). A Class I misdemeanor is punishable by a maximum sentence of not more than 1 year's imprisonment, a $1,000 fine, or both, with no minimum sentence required. Neb. Rev. Stat. § 28-106 (Reissue 2016).

For his conviction of a Class IIA felony, Reinke received a sentence of 4 to 8 years' imprisonment and his operator's license was revoked for 15 years. For his conviction of a Class I misdemeanor, Reinke received a sentence of 9 to 12 months' imprisonment. Because these sentences are within the statutory limits, we review for an abuse of discretion.

When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Lara*, 315 Neb. 856, 2 N.W.3d 1 (2024). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Greer*, 312 Neb. 351, 979 N.W.2d 101 (2022).

When imposing Reinke's sentences, the district court stated it had considered the presentence investigation report (PSI) and the comments at the sentencing hearing. It noted that it could not ignore the serious nature of the offense and Reinke's prior criminal history. Reinke's three minor children were in the car with him when he was pulled over for swerving and found to be driving while intoxicated. He has three previous DUI convictions, as well as a conviction for driving during revocation. The PSI assessed Reinke as a high risk to reoffend.

Reinke argues that the district court did not take into consideration the progress he made, such as seeking evaluations and participating in programs while incarcerated. However, this information was presented to the district court through the PSI and through defense counsel's statements at the sentencing hearing. The district court was aware of these positive steps when imposing the sentences. There is no indication the district court considered any inappropriate factors when fashioning the sentences. We do not find an abuse of discretion. This assignment of error fails.

## CONCLUSION

We find that the district court did not abuse its discretion in terminating Reinke from the DUI Court program, nor did it abuse its discretion in imposing the sentences. We affirm the judgment of the district court.

AFFIRMED.